**FILED**
**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 225**

**JUDGE CASTILLO**
**MAGISTRATE JUDGE BROWN**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Olivia Estrada<br>4848 Wiota St.<br>Eagle Rock, CA 90041<br><br>        Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604<br><br>        Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff has brought this claim within the time frame permitted under the FDCPA.

9. On or around August 15, 2007, Defendant telephoned Plaintiff's place of employment in an effort to collect the debt.

10. During this communication, Plaintiff's coworker ("Coworker") answered the phone and informed Defendant that Plaintiff was unavailable.

11. Defendant responded by yelling that Coworker was lying and demanded that Coworker have Plaintiff come to the telephone.

12. During this communication, the receptionist at Plaintiff's place of employment ("Receptionist") took the telephone from Coworker and informed Defendant that Defendant should not call the number that Defendant had dialed if Defendant was trying to reach Plaintiff about a personal matter.

13. On or around August 15, 2007, Defendant telephoned Plaintiff's place of employment again and spoke to Plaintiff.

14. During this communication, Plaintiff informed Defendant that Plaintiff was disturbed that Defendant had harassed Coworker.

15. During this communication, Plaintiff then informed Defendant that Plaintiff did not wish to receive Defendant's calls at her place of employment.

16. Defendant responded that until Plaintiff resolved the matter, Defendant would continue to call her place of employment no matter what Plaintiff asked of Defendant.

17. During this communication, Plaintiff also informed Defendant that Plaintiff was researching the possibility of filing bankruptcy.

18. Defendant responded that a bankruptcy would not help Plaintiff because Plaintiff's case was too far advanced.

19. Despite Plaintiff's notices, Defendant telephoned Plaintiff's place of employment again on or around August 21, 2007.

20. During this communication, Defendant stated that an attorney would garnish Plaintiff's wages and take Plaintiff's house if Plaintiff did not tell Defendant how Plaintiff intended to satisfy the debt.

21. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient to Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

36. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___s/Timothy J. Sostrin_____
    Timothy J. Sostrin
    Bar ID # 6290807
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com